IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

    Plaintiff,

v.

DWIGHT WINSLOW, et al.,

    Defendants.
                                 /

No. C 09-01874 CW (PR)

ORDER TO SHOW CAUSE

    On April 29, 2009, Plaintiff, a state prisoner, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. On the same day the action was filed the Clerk of the Court sent a notice to Plaintiff, informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's in forma pauperis application. The Clerk sent Plaintiff a blank in forma pauperis application and told him that he must pay the fee or return the completed application within thirty days or his action would be dismissed.

    On May 15, 2009, Plaintiff filed his in forma pauperis application (docket no. 5). Also before the Court are Plaintiff's motions entitled "Motion to Toll Time in Refiled Complaint by Violating Dec. 1st, 05 Court Order by Abused Discretion Dismissing Complaint in a[n] Impeded U.S. D.O.J. Investigation" (docket no. 2) and "Motion to Refile Complaint Under Imminent Harms [sic] Danger an[d] Amend[ment] to Motion Refile Complaint by Abused Discretion" (docket no. 3).

    In an Order dated December 22, 2004, this Court held that Plaintiff generally is barred from proceeding in forma pauperis in federal court under the provisions of 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the Court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for

2

him.  Id.  Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  In its December 22, 2004 Order, the Court gave Plaintiff notice that it believed that the following dismissals may be counted as dismissals for purposes of § 1915(g):  (1) Williams v. McGrath, No. C 04-0782 CW (PR) (N.D. Cal. June 25, 2004) (dismissed for failure to state a claim); (2) Williams v. McGrath, No. C 04-2542 CW (PR) (Nov. 10, 2004) (dismissed for failure to exhaust administrative remedies); and (3) Williams v. Hagar, No. C 04-2543 CW (PR) (Nov. 10, 2004) (dismissed for failure to state a claim). Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  Here, although Plaintiff claims that prison officials from Pelican Bay

3

State Prison were deliberately indifferent to his serious medical needs, imminent danger is assessed at the time a prisoner files a civil rights action, rather than at the time of the incidents giving rise to the prisoner's claims.  See id.  At the time Plaintiff filed this action, he was housed at Salinas Valley State Prison and was not in any danger of serious physical injury stemming from deliberate indifference by Defendants.  Therefore, the Court finds that the imminent danger exception to the three-strikes bar is not applicable to this action.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this Order why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks IFP status.

At this time, the Court need not rule on Plaintiff's other pending motions (docket nos. 2, 3).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this Order why IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee no later than thirty (30) days from the date of this Order.

4

1    <u>Failure to file a timely response or failure to pay the full</u>
2    <u>filing fee within thirty (30) days from the date of this Order will</u>
3    <u>result in the dismissal of this action without further notice to</u>
4    <u>Plaintiff.</u>

5    2.   It is Plaintiff's responsibility to prosecute this case.
6    Plaintiff must keep the Court informed of any change of address and
7    must comply with the Court's orders in a timely fashion.  Failure
8    to do so may result in the dismissal of this action for failure to
9    prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10   IT IS SO ORDERED.
11   Dated:  7/2/09



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\CW\CR.09\Williams1874.3strikesOSC.wpd   5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

        Plaintiff,

  v.

DWIGHT WINSLOW et al,

        Defendant.
                                       /

Case Number: CV09-01874 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Luis Williams #J05660
C-8-231
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: July 2, 2009

                                       Richard W. Wieking, Clerk
                                       By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.09\Williams1874.3strikesOSC.wpd